TUERKES–BECKERS, INC., Plaintiff,

v.

NEW CASTLE ASSOCIATES and
Richard I. Rubin & Company,
Inc., Defendants.

Civ. A. No. 93–509–RRM.

United States District Court,
D. Delaware.

November 5, 1993.

---

Arthur L. Dent, Potter, Anderson & Corroon, Wilmington, DE, and Judith Sturtz Karp and Virginia A. Whitehill, Zuckerman, Spaeder, Goldstein, Taylor & Kolker, Washington, DC, for plaintiff.

Edward M. McNally, Barbara J. MacDonald, John D. Demmy, Morris, James, Hitchens & Williams, Wilmington, DE, and Michael S. Silberman, Silberman, Markovitz & Raslavich, Philadelphia, PA, for defendants.

## OPINION

McKELVIE, District Judge.

This is an action to enforce a provision in a settlement agreement. The plaintiff is Tuerkes–Beckers, Inc., a tenant at the Christiana Mall in Newark, Delaware. The defendants are the owner and the manager of the Mall. The plaintiff contends the defendants have wrongfully refused to renew its lease, in violation of an anti-retaliation provision in a Stipulation of Settlement of a class action brought by the Mall's tenants against the defendants. *Gordon D. McMahon v. New Castle Associates, et. al.,* C.A. No. 87–526—RRM.

On November 3, 1993, the Court entered a Scheduling Order setting a hearing on the plaintiff's application for injunctive relief for November 10, 1993. In the Scheduling Order, the Court provided that should counsel find they are unable to resolve a discovery dispute, before filing a motion, they should jointly call the Court to schedule a time for an office conference or telephone conference call to review the matter.

During a telephone conference call on November 5th, plaintiff's counsel reported he had been unable to reach an agreement with defendants' counsel on scheduling the deposition of Christopher Kuhn, Esquire. Kuhn is an attorney with the firm that represents the defendants in this matter, and he had certain communications with the plaintiff relating to the landlord's decision not to renew the lease. During the conference call, defendants' counsel reported that he had agreed to make arrangements for Mr. Kuhn to be available to be deposed, but that because Mr. Kuhn is an attorney for the defendants and because the plaintiff may be inquiring into matters that are protected from disclosure by the attorney-client privilege, the defendants want the plaintiff to describe the nature and scope of the questions to be asked during the course of the deposition.

■ While the Court encourages counsel to communicate on discovery requests and to work to reach agreements relating to the nature, scope and timing of discovery, they should look to the Rules of Civil Procedure for guidance on when and how one party may restrict another party's opportunity to gather information in discovery. In this context, the deposition of an attorney for a party may raise difficult questions relating to the scope of allowable discovery. To assist the parties in identifying the information sought and the privileges claimed, the Court takes this opportunity to set out for counsel the following as a summary of the Court's expectations as to conduct during depositions.

■ Unless the parties stipulate otherwise, counsel shall conduct depositions according to the following procedure:

a. *examination.* Each party wishing to examine a deponent should ordinarily designate one attorney to conduct the principal examination. Examination by other attorneys shall be limited to matters not previously covered unless there is a good faith basis to believe that different answers will be obtained.

b. *objections generally.* The only objections that should be raised at a deposition are those involving a privilege against the disclosure of information or some matter that

may be corrected immediately following the objection, such as an objection to the form of the question. Any statement of an objection should be concise, should not be argumentative, and should not suggest an answer or otherwise coach the deponent.

c. *statement of objections.* Objections as to the form of the question should be limited to the words "Objection, form." All other objections should be limited to the word "Objection" and a brief identification of the ground, preferably in no more than three words.

d. *instructions not to answer.* Counsel may not instruct a witness not to answer a question, unless (1) answering the question would require the disclosure of information that is protected from disclosure as privileged or work product, or (2) counsel intends to move promptly to terminate or limit examination pursuant to Federal Rule of Civil Procedure 30(d), in which case counsel shall immediately call the Court to request a time to present the motion. When a privilege is claimed, the witness should answer questions relevant to the existence, extent, or waiver of the privilege, and disclose information such as the date of the communication, who made the statement to whom and in whose presence, the names of other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement.

e. *procedure.* Pursuant to Federal Rule of Civil Procedure 30(c), the examination should proceed as permitted at trial, except that the scope of cross examination shall not be limited to those matters covered on direct. Counsel for a witness may not consult with that witness about the subject matter of his or her testimony while that witness is under examination by an opposing party.

As the Court has noted to counsel, in the context of counsel's obligations under Federal Rules of Civil Procedure 11 and 26(g), these procedures should ensure that plaintiff's counsel can take Mr. Kuhn's deposition, gather information that is discoverable, and provide a factual context for the Court to review any objection to discovery based on a claim of work product or attorney client privilege. In addition, absent an application for a protective order under Federal Rule of 26(c), defendant's counsel cannot unilaterally block a deposition until plaintiff's counsel provides a satisfactory description of the information sought.